**Dismissed and Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00642-CR
NO. 14-20-00643-CR

**ERIC ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1571876 & 1574586**

## MEMORANDUM OPINION

Appellant, Eric Romero, pleaded guilty to two indictments for aggravated robbery with a deadly weapon and true to enhancements for prior convictions for aggravated assault and felon in possession of a firearm.[1] *See* Tex. Penal Code Ann. § 29.03 (aggravated robbery). Pursuant to the terms of a plea-bargain agreement

---

[1] Trial court cause number 1571876 (appellate case number 14-20-00642-CR) and trial court cause number 1574586 (appellate case number 14-20-00643-CR).

between appellant and the State, on July 15, 2019, the trial court sentenced appellant to imprisonment for 30 years in each cause, with the sentences to run concurrently. Each judgment recited "APPEAL WAIVED. NO RIGHT TO APPEAL GRANTED," and each certification of defendant's right of appeal stated that it was "a plea-bargain, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Appellant signed pro se notices of appeal with the date "July 11, 2019" (before the imposition of sentences in open court) that were filed by the clerk on September 15, 2020.[2]

We lack jurisdiction over these appeals for two reasons: (1) the notices of appeal were not filed timely and (2) these are plea-bargain cases with no appealable matters in which appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within 30 days after sentence is imposed in open court when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances, the court of appeals can take no action other than to dismiss the appeal. *Id.* Therefore, the appeals were not timely perfected.

Second, in a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (1) matters raised by written motion filed and ruled on before trial, (2)

---

[2] The records do not contain any indication (1) that the notices of appeal were mailed or (2) whether appellate was represented by counsel when he signed the notices of appeal.

after getting  the trial court's permission to appeal, or (3) where the appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). Appellant's punishments do not exceed the agreed plea bargains. The records do not otherwise contain anything appealable under Rule 24.2(2).

Accordingly, we dismiss the appeals for want of jurisdiction.

PER CURIAM

Panel Consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).